# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**HENRY ROBINSON, JR.**                                                                    **APPELLANT**

**VS.**                                                        **CAUSE NO. 3:19-CV-264-HTW-LRA**

**HOLMES COUNTY CONSOLIDATED**
**SCHOOL DISTRICT**                                                                          **APPELLEE**

## FIRST AMENDED APPEAL PETITION

COMES NOW Appellant, Henry Robinson, Jr., pursuant to Miss. Code Ann. § 37-9-113, and other applicable laws, and files this his First Amended Appeal Petition, and in support thereof would show unto the Court as follows, to-wit:

I.

Appellant, Henry Robinson, Jr., was discharged from his employment with the Holmes County Consolidated School District by letter of November 28, 2018, from the District Superintendent, Dr. James L. Henderson.  On December 19, 2018, Appellant had his hearing before a hearing officer appointed by the District's Board.  In accordance with Miss. Code Ann. §37-9-111(5), this matter having been heard before a Hearing Officer, the Board granted Appellant the opportunity to appear before the Board to present a statement in his own behalf, by his attorney, prior to the Board's final decision.  Appellant made his statement to the Board on February 28, 2019.  Appellant received notice of the Board's final decision upholding his termination by a March 4, 2019, email from the Board's attorney to Appellant's attorney.                II.

This action being one arising under the laws of the United States, this Court has federal question jurisdiction pursuant to 28 U..C. §1331.  This Court also has jurisdiction over this matter as to state law questions under Miss. Code Ann. §37-9-113.  This Court

has jurisdiction over the Family and Medical Leave Act[1] ("FMLA") questions under Miss. Code Ann. §37-9-113 and also 29 U.S.C. §2617(a)(2).

III.

Under 29 CFR §825.300(b)(1)[2] when Principal Elbert Smith (the District) became aware on September 17, 2018, of facts which suggested Appellant's absences may have been caused by a medical condition which might have qualified for FMLA leave, it was the District's duty to advise Appellant of his right to take FMLA leave. The District failed to advise Appellant of his right to take FMLA leave and thus violated Appellant's FMLA rights leading directly to his discharge.

IV.

Under 29 C.F.R. §825.305(b) - "The employee must provide the requested [medical] certification to the employer within 15[3] calendar days after the employer's request, unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts...." In this case Appellant turned his FMLA certifications in to the District, at most, two days late.[4] However, fifteen days was not "practicable under the particular circumstances" because:

(A)　　Although he had given the FMLA certification form to Dr. Runnels, his gastroenterologist, on November 11, Dr. Runnels did not fill out and make

---

[1] 29 U.S.C. §§ 2601 *et seq*.; and, 29 C.F.R. §§ 825.100 *et seq*.

[2] "when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave....."

[3] The District had actually granted him sixteen days.

[4] Appellant had 1½ days remaining personal leave, assuming his FMLA leave had been timely granted, to have covered these two days.

    the form available for retrieval by Robinson until November 26.  Thus, the doctor kept the certification form for 14 days before returning it.

(B) Appellant had exercised good faith and was diligent in that when he left the form at Dr. Runnels' office, he told Dr. Runnels assistant, Jodie, that the certification form needed to be turned in to the District no later than November 21.

Thus, the District committed an error under FMLA regulations in terminating Appellant, at least in part, for allegedly turning in his FMLA forms "late."

V.

Under 29 C.F.R.  §825.313(b) if an employee is late returning the medical certification, the employer does not have the right to terminate the employee.  Rather, the employer can deny  FMLA protections for the leave following the expiration of the 15-day[5] period until a sufficient certification is provided.  Appellant was, at most, two days late in returning his medical certifications.  This means the district had the option to treat these two days as leave not protected by the FMLA.  However, Appellant had 1½ days remaining personal leave, assuming his FMLA leave had been timely granted, to have covered these two days.  Thus, the Appellee School District violated Appellant's FMLA rights by discharging him rather than simply counting two days, at most, as leave not covered by FMLA.

VI.

These are questions of law which should be reviewed by this Court *de novo*.

---

[5] The District actually gave Robinson 16 days to return the medical certifications.

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this his Appeal would be received and filed and that after briefing and the Court's consideration, that this Court sitting as an Appellate Court would reverse the Board's decision upholding Robinson's termination and that it would enter its final judgment finding Appellee School District wrongfully violated Appellant's FMLA rights, wrongly terminated him, and awarding Appellant reasonable attorney's fees; costs; reasonable expert witness fees; liquidated damages; any actual monetary losses sustained; denied or lost compensation; reinstatement, or in the alternative, front pay; value of lost benefits measured in the amount actually incurred by Appellant; pre-judgment interest; and, post-judgment interest to be calculated using Appellant's income under his 2018-2019 contract.  If the Court decides this matter is to be heard *de novo* with discovery, then Appellant demands trial by jury.

                Respectfully submitted,

                /s/ Preston Rideout
PRESTON RIDEOUT, MSB #5346
Attorney At Law
203 Walthall Street
Greenwood, MS 38930-4428
TEL: (662) 455-9999
FAX: (662) 455-1013
Email: bo@borideout.com

ATTORNEY FOR APPELLANT

**CERTIFICATE OF SERVICE**

I, Preston Rideout, do hereby certify that on July 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Benjamin E. Griffith, Esq.
>Lauren E. Ward, Esq.
>Griffith Law Firm
>P. O. Box 2248
>Oxford, MS 38655
>TEL:  (662) 238-7727
>FAX: (662) 493-4220
>ben@glawms.com
>lauren@glawms.com
>
>Attorneys for Appellee

This the 8th day of July, 2019.

>      /s/ Preston Rideout
>PRESTON RIDEOUT, MSB #5346
>Attorney At Law
>203 Walthall Street
>Greenwood, MS 38930-4428
>TEL:  (662) 455-9999
>FAX: (662) 455-1013
>email: bo&borideout.com
>
>ATTORNEY FOR APPELLANT